UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| UNITRIN PREFERRED INSURANCE COMPANY, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | Case No. 4:12CV00847 AGF |
|  | ) |  |
| SANDRA HOLLOWAY, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Unitrin Preferred Insurance Company's motion for entry of default judgment against the sole remaining Defendant, April Barnes. (Doc. No. 12.) For the following reasons, the motion will be granted.

## BACKGROUND

Plaintiff filed this action on May 10, 2012, against Defendants April Barnes, Donald Polk, Sandra Holloway, Sandra Holloway, d/b/a Little Learners Development, and William Holloway seeking a declaration of its rights and obligations under a home owners' insurance policy, Policy RQ804159, ("the Policy"), issued to Sandra Holloway and William Holloway with respect to litigation or damages related to the death, allegedly by suffocation, of Donovan Polk, the minor child of Defendants April Barnes and Donald Polk. The death occurred at the home of the insureds, Sandra Holloway and William Holloway. At the time, Donovan Polk was in the home under the care and

custody of Sandra Holloway and Little Learners Development, a child care facility owned and operated by Sandra Holloway.

On February 3, 2012, April Barnes and Donald Polk filed a wrongful death suit on behalf of Donovan Polk against Sandra Holloway, d/b/a Little Learners Development, in the Circuit Court of St. Louis County, Missouri (Case No. 12SL-CC00405). On June 7, 2012, that case was dismissed without prejudice.

In this case, the record indicates that Plaintiff properly served the summons and the complaint in this action on April Barnes. Barnes did not file an answer or other responsive pleading within the time required by Federal Rule of Civil Procedure 12 and, on July 25, 2012, pursuant to Plaintiff's request, the Clerk of Court entered default against April Barnes. On that same day, the Court ordered Barnes to show cause in writing by August 25, 2012, why a judgment of default should not be entered against her. As of this date, April Barnes has not responded to that Order and the time to do so has expired.

On September 18, 2012, Plaintiff and Defendants Sandra Holloway, William Holloway, and Sandra Holloway, d/b/a Little Learners Development filed a stipulation of Voluntary Dismissal without Prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii). (Doc. No. 19.) On September 19, 2012, Plaintiff voluntarily dismissed its claim against Donald Polk. (Doc. No. 21.) The Court approved both documents.

In its motion for default judgment against April Barnes, the sole remaining defendant, Plaintiff seeks a declaratory judgment that the Policy issued to Sandra

custody of Sandra Holloway and Little Learners Development, a child care facility owned and operated by Sandra Holloway.

On February 3, 2012, April Barnes and Donald Polk filed a wrongful death suit on behalf of Donovan Polk against Sandra Holloway, d/b/a Little Learners Development, in the Circuit Court of St. Louis County, Missouri (Case No. 12SL-CC00405). On June 7, 2012, that case was dismissed without prejudice.

In this case, the record indicates that Plaintiff properly served the summons and the complaint in this action on April Barnes. Barnes did not file an answer or other responsive pleading within the time required by Federal Rule of Civil Procedure 12 and, on July 25, 2012, pursuant to Plaintiff's request, the Clerk of Court entered default against April Barnes. On that same day, the Court ordered Barnes to show cause in writing by August 25, 2012, why a judgment of default should not be entered against her. As of this date, April Barnes has not responded to that Order and the time to do so has expired.

On September 18, 2012, Plaintiff and Defendants Sandra Holloway, William Holloway, and Sandra Holloway, d/b/a Little Learners Development filed a stipulation of Voluntary Dismissal without Prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii). (Doc. No. 19.) On September 19, 2012, Plaintiff voluntarily dismissed its claim against Donald Polk. (Doc. No. 21.) The Court approved both documents.

In its motion for default judgment against April Barnes, the sole remaining defendant, Plaintiff seeks a declaratory judgment that the Policy issued to Sandra

custody of Sandra Holloway and Little Learners Development, a child care facility owned and operated by Sandra Holloway.

On February 3, 2012, April Barnes and Donald Polk filed a wrongful death suit on behalf of Donovan Polk against Sandra Holloway, d/b/a Little Learners Development, in the Circuit Court of St. Louis County, Missouri (Case No. 12SL-CC00405). On June 7, 2012, that case was dismissed without prejudice.

In this case, the record indicates that Plaintiff properly served the summons and the complaint in this action on April Barnes. Barnes did not file an answer or other responsive pleading within the time required by Federal Rule of Civil Procedure 12 and, on July 25, 2012, pursuant to Plaintiff's request, the Clerk of Court entered default against April Barnes. On that same day, the Court ordered Barnes to show cause in writing by August 25, 2012, why a judgment of default should not be entered against her. As of this date, April Barnes has not responded to that Order and the time to do so has expired.

On September 18, 2012, Plaintiff and Defendants Sandra Holloway, William Holloway, and Sandra Holloway, d/b/a Little Learners Development filed a stipulation of Voluntary Dismissal without Prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii). (Doc. No. 19.) On September 19, 2012, Plaintiff voluntarily dismissed its claim against Donald Polk. (Doc. No. 21.) The Court approved both documents.

In its motion for default judgment against April Barnes, the sole remaining defendant, Plaintiff seeks a declaratory judgment that the Policy issued to Sandra

Holloway and William Holloway does not provide coverage for any claims that may be made by April Barnes against Sandra Holloway, William Holloway, or Sandra Holloway, d/b/a Little Learners Development. Plaintiff alleges that it does not have an obligation to defend or indemnify Sandra Holloway, William Holloway, or Sandra Holloway, d/b/a Little Learners Development under the Policy for the claims asserted against it in the wrongful death action because Sandra Holloway was operating a business at the home which was excluded from coverage under the provisions of the Policy. (Doc. No. 1-2.)

## APPLICABLE LAW

Entry of default by the Clerk of Court pursuant to Fed. R. of Civ. P. 55(a) is a prerequisite to the grant of a default judgment under Rule 55(b), but whether to grant default judgment is a separate question within the discretion of the Court. *See Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998). After default has been entered, the defendant is deemed to have admitted all well-pleaded factual allegations in the complaint. *Marshall v. Baggett,* 616 F.3d 849, 852 (8th Cir. 2010); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation–other than one relating to the amount of damages–is admitted if a responsive pleading is required and the allegation is not denied"). Nonetheless, before the Court may enter a default judgment setting forth the declaration Plaintiff seeks, it must be satisfied that the moving party is entitled to such judgment, on the basis of the sufficiency of the complaint and the substantive merits of Plaintiff's claim. *United States ex rel. Time Equip. Rental & Sales, Inc. v. Harre*, 983 F.2d 128, 130 (8th Cir. 1993); *Monsanto v. Hargrove*, No. 4:09CV1628 CEJ, 2011 WL 5330674, at

*1 (E.D. Mo. Nov. 7, 2011). At that juncture, "'it remains for the [district] court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'" *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010) (quoting 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2688 at 63 (3d ed.1998)). "[A]lthough the defendant may not be allowed, on appeal, to question the want of testimony or the insufficiency or amount of the evidence, he is not precluded from contesting the sufficiency of the bill, or from insisting that the averments contained in it do not justify the decree." *Ohio Cent. R. Co. v. Central Trust Co.*, 133 U.S. 83, 91 (1890).

## **DISCUSSION**

Plaintiff seeks a declaratory judgment regarding coverage under the Policy, issued to Sandra and William Holloway. Plaintiff dismissed its claims against the Holloways, the insureds, and seeks to obtain the desired declaration on the basis of the default of the injured party, Barnes.

Ordinarily, in a multiple-defendant case, default judgment against one defendant should be avoided if the default judgment could create "inconsistent and unsupportable" results as to the non-defaulting defendants. *Tenn. Farmers Mut. Ins. Co. v. Tim W. Smith Props., LLC,* No. 3:11–CV–57–BRW, 2012 WL 956182,* 2 (E.D. Ark. Mar. 21, 2012) ;*see also United States ex rel. Costner v. United States*, 56 Fed. Appx. 287, 288 (8th Cir. 2003). In this case, however, all other pending actions and claims have been dismissed, obviating the concern regarding conflicting or inconsistent results. *See Tenn. Farmers*

4

*Mut. Ins. Co.*, 2012 WL 956182, at * 2. Moreover, the Court is satisfied that despite the dismissals an "actual controversy" exists between an insurer and a third party injured by the insured. *Cf. Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273-74 (1941) (holding that even after the insured had defaulted, an actual controversy existed between an insurer and third party allegedly injured by the insured).

Having deemed the allegations in Plaintiff's complaint admitted, and upon review of the affidavits and exhibits submitted in support of its motion for default judgment, the Court determines the following. Pursuant to Section I of the Policy, where an insured regularly provides home day care services to persons other than insureds and receives monetary or other compensation for those services, such enterprise is a "business" within the meaning of the Policy. *See* Doc. Nos. 12-2 at ¶6, 12-3 at 35. In addition, the Plaintiff has asserted and the Court agrees that Exclusion 1.5 of Section II of the Policy excludes from coverage damages for bodily injury or property damage arising out of, or in connection with, the "business" of an insured. *See id.*

On the basis of these determinations, the Court further concludes that Plaintiff has alleged and demonstrated that the Policy does not provide coverage for any claims of April Barnes that may be made by her against Sandra Holloway, William Holloway, or Sandra Holloway d/b/a Little Learners Development in connection with the death of Donovan Polk arising out of or in connection with the conduct of a home day care business at the insured property.

5

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for default judgment is **GRANTED**. (Doc. No. 12.)

A separate judgment shall accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 29th day of November, 2012.